UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| THOMAS L. CANNON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 13-CV-2170 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## OPINION

On July 29, 2013, Petitioner, Thomas L. Cannon, filed a pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). Because this court concludes that this is a second or successive Motion, no response is needed from the Government. This court concludes that Petitioner's Motion (#1) must be dismissed for lack of jurisdiction.

## ANALYSIS

Petitioner has already filed a Motion under 28 U.S.C. § 2255. On February 26, 2007, in Case No. 07-CV-2044, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. An evidentiary hearing was held on March 13, 2008. On September 9, 2008, this court entered an Opinion and denied Petitioner's Motion. Petitioner appealed, and the Seventh Circuit entered an Order affirming this court's judgment on May 7, 2009.

In his pro se Motion (#1) in this case, Petitioner has challenged his sentence based upon the decision of the United States Supreme Court in *Alleyne v. United* States, ___ U.S. ___, 133 S. Ct. 2151 (2013). This court notes that *Alleyne* has not been made retroactive by

the Supreme Court and does not apply retroactively on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). More importantly, Petitioner's Motion, brought pursuant to § 2255, "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." *See United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Carraway*, 478 F.3d at 849; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255. Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed. *See Nunez*, 96 F.3d at 991.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner

2

shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence (#1) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 27th day of September, 2013.

s/Michael P. McCuskey

MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE